UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| **HARLTON HEMPHILL and** | § | |
| **WENDY HEMPHILL,** | § | |
| **Plaintiffs,** | § | |
| | § | |
| **VS.** | § | **Case No. 7:24-cv-146** |
| | § | |
| **AQUATIC POOLS, INC.,** | § | |
| **Defendant.** | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant **AQUATIC POOLS, INC.** ("Defendant"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446(a), files this Notice of Removal.

### I. INTRODUCTION

1.     This removal is based on diversity jurisdiction. Plaintiffs HARLTON HEMPHILL and WENDY HEMPHILL ("Plaintiffs"), seek redress from Defendant AQUATIC POOLS, INC. related to the negligent construction of a custom swimming pool and the space surrounding the pool, including but not limited to, back yard, pool house and patio, breach of the Swimming Pool Construction Contract between Plaintiffs and Defendant, and statutory violations of the Texas Deceptive Trade Practices Act which allegedly resulted in extensive damages to Plaintiffs. Plaintiffs seek monetary relief of over $250,000.00 but not more than $1,000,000.00. (Exh. C-2, ¶ 2).

2.     Plaintiffs are now, and were at the time of removal, and at the time of the filing of the instant lawsuit, each citizens of Texas.

3.     In contrast, Defendant is now, and as at the time of removal, and at the time of the filing of the instant lawsuit, duly organized, incorporated, and existing under the laws of the State of New Mexico with its principal place of business in the State of New Mexico.

4.     In addition, the amount in controversy exceeds $75,000.00, exclusive of interest

and costs. As set forth above and in Plaintiffs' Petition, Plaintiffs seeks monetary relief of over $250,000.00 but not more than $1,000,000.00.

5.    Defendant files its Notice of Removal within thirty (30) days of service of Plaintiffs' Original Petition.[1] This action has been on file for less than one year.

## II. GROUNDS FOR REMOVAL: DIVERSITY JURISDICTION

### A.    Diversity Jurisdiction Exists

6.    Removal is proper because this lawsuit involves a controversy between citizens of different states. Specifically, Plaintiffs HARLTON HEMPHILL and WENDY HEMPHILL are now, and was at the time of removal, and at the time of the filing of the instant lawsuit, citizens of Texas and domiciled in the State of Texas. (Exh. C-2, ¶ 2, Exh. E).  In contrast, Defendant is now, and as at the time of removal, and at the time of the filing of the instant lawsuit, duly organized, incorporated, and existing under the laws of the State of New Mexico with its principal places of business in the State of New Mexico (Exh. C-2, ¶ 4, Exh. D). Thus, diversity of citizenship between the parties exists.

7.    In addition, the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1332, 1441. Specifically, Plaintiffs allege that they seek over $250,000.00 but not more than $1,000,000.00. (Exh. C-2, ¶ 1, 2, 8, 11, Exh. E). Accordingly, the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

### B.    Removal Is Timely

8.    Defendant was served with Plaintiffs' Original Petition in accordance with the Order granting Substituted Service on May 30, 2024. Defendant files this Notice of Removal

---

[1] Defendant was served with Plaintiffs' Original Petition in accordance with the Order granting Substituted Service on May 30, 2024.

within thirty days after service. 28 U.S.C. § 1446(b)(1). In addition, the suit has been pending for less than a year. Therefore, removal of this action is timely.

### III. COMPLIANCE WITH REMOVAL PROCEDURES

9.    Attached to this Notice of Removal as Exhibits A-C are the following documents required by 28 U.S.C. § 1446(a) and Local Rule CV-3 (these documents are hereby incorporated by reference in all respects):

A.    Civil Cover Sheet;

B.    Supplement to Civil Cover Sheet;

C.    Index of Documents;

    1.    State Court Docket Sheet;

    2.    Plaintiffs' Original Petition;

    3.    Civil Process Request;

    4.    Plaintiffs' Motion for Substituted Service of Process;

    5.    Order for Substitute Service;

    6.    Affidavit of Service; and

    7.    Defendant Aquatic Pools, Inc.'s Original Answer Subject to Arbitration

D.    Affidavit of Ronald G. Yates

E.    Demand letter dated October 4, 2023[2]

---

[2] *See Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 760-61 (5th Cir. 2000) (settlement demand in excess of $75,000 will support amount in controversy requirement).

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Western District of Texas, Midland-Odessa Division, embraces Andrews County, Texas, where the state court action was filed and is currently pending. Specifically, Plaintiffs filed suit in the 109th Judicial District of Andrews County, Cause No. 23,287.

11.    Defendant will immediately file a copy of its Notice of Removal with the clerk of the state court in which the state court action is pending.

WHEREFORE, PREMISES CONSIDERED, Defendant **AQUATIC POOLS, INC.** requests this action be immediately and entirely removed upon filing of this Notice of Removal to the United States District Court for the Western District of Texas, Midland-Odessa Division, and for such other and further relief to which it may be justly entitled.

Respectfully submitted,

*/s/ Michael J. Shipman*
**MICHAEL J. SHIPMAN**
State Bar No. 18268500
mike.shipman@fletcherfarley.com
**R. SCOTT MAYO**
State Bar No. 24013119
scott.mayo@fletcherfarley.com

Fletcher, Farley, Shipman & Salinas, L.L.P.
9201 N. Central Expressway, Suite 600
Dallas, Texas 75231
214-987-9600
214-987-9866 [Fax]

**ATTORNEYS FOR DEFENDANT**
**AQUATIC POOLS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 28th day of June 2024, a true and correct copy of the foregoing instrument was electronically filed with the Clerk of Court using the CM/ECF system, and electronically served upon all counsel below, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE.

*/s/ Michael J. Shipman*
**MICHAEL J. SHIPMAN**
**R. SCOTT MAYO**